**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIANCONG CHEN,<br>Petitioner,<br>v.<br>WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6586-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on November 5, 2026. Respondents filed an Answer on November 12, 2026. Petitioner filed a Reply on November 13, 2026. Respondents filed "Respondents' Supplemental Brief to the Answer, etc." on November 14, 2026.[1]

///

///

///

///

[1] This "Supplemental Brief" is ordered stricken as untimely. See Doc. 5.

## FACTUAL BACKGROUND

On February 25, 2026, Petitioner, a native and citizen of China, entered the United States on a visitor visa. Petitioner remained in the United States after his authorization to do so expired. Petitioner's application for asylum is pending.

While attending a "biometrics" appointment presumably related to Petitioner's asylum application, Petitioner was taken into custody by ICE agents on October 28, 2026. Petitioner then received a "Notice to Appear." Removal proceedings are pending.

## SUMMARY OF PARTIES' CONTENTIONS

Petitioner contends that due process entitles him to immediate release from ICE detention or, at a minimum, a prompt bond hearing before an immigration judge. Respondents appear to acknowledge that Petitioner is entitled to a bond hearing, but contend that Petitioner has failed to exhaust administrative remedies requisite to habeas relief.

## DISCUSSION

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate

Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien previously released from detention on supervision, who then complies with the conditions of that supervision, has a constitutionally protected liberty interest that may require a pre-deprivation hearing prior to re-detention. See, e.g., Singh v. Semaia, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159 (D. Nev. 2025); accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). In the present case, however, Petitioner was not previously detained and then released on supervision.

An alien not previously detained who builds a substantial life in the United States over a period of years before apprehension also may also develop a constitutionally protected liberty interest in remaining undetained. See, e.g., Reyes v. Santacruz, 2026 WL 2069974 (C.D. Cal. July 13, 2026); Ramirez-Serna v. Mullin, 2026 WL 1514337 (C.D. Cal. May 28, 2026); see also Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu

v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); but see Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026). In the present case, however, Petitioner has lived in the United States only a brief time, his unauthorized status commenced very recently, and ICE took Petitioner into detention just last month, at what may well have been the first convenient opportunity to do so.

Assuming, arguendo, Petitioner had a constitutionally protected liberty interest in remaining undetained as of October 28, 2026, the issue then would become one of determining "what process is due." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). As previously indicated, due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. Due process does not always require that an alien receive a pre-detention hearing; a post-detention hearing sometimes will suffice. See, e.g., Kafle v. Wofford, 2026 WL 2255203, at *4-5 (E.D. Cal. Aug. 5, 2026), adopted, 2026 WL 2644030 (E.D. Cal. Sept. 8, 2026) ("Kafle").

Under Mathews, the Court considers three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

In the present case, consideration of these factors concludes that a prompt post-deprivation hearing would satisfy due process. See, e.g., Shayakhmet v. Warden, 2026 WL 2299467, at *2 (C.D. Cal. Aug. 10, 2026); Kafle, 2026 WL 2255203, at *4-5; Song v. Janecha, 2026 WL 2164151, at *3-4 (C.D. Cal. July 23, 2026). In particular, the Court is mindful that "the Government clearly has a strong interest in preventing aliens from

remaining in the United States in violation of our law. . . . We must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and legislature." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022) (citations and quotations omitted). Accepting Petitioner's arguments under the circumstances of this case essentially would require a ruling that the Government may never take into custody without a pre-detention hearing any alien whose presence in the United States is unauthorized, regardless of the brevity of the alien's presence herein, regardless of the recency of the alien's unauthorized status and regardless of clarity of the alien's lack of authorization to remain. The Court is reluctant so to rule.

The Government should have the burden at the post-deprivation bond hearing to prove by clear and convincing evidence that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("Martinez v. Clark"); Aslan v. Semaia, 2026 WL 1722902, at *4 (C.D. Cal. June 11, 2026) (and cases cited therein).

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after the completion of administrative proceedings. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in

continued detention of aliens under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and requiring that Respondents provide Petitioner (A# 242-528-256) with an opportunity for a prompt bond hearing before an immigration judge at which the burden will be on the Government to justify Petitioner's detention through proof by clear and convincing evidence that Petitioner is an unacceptable danger or an unacceptable risk of flight.[2]

DATED: November 16, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[2] Petitioner has failed to justify any different or additional form of habeas relief.